IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| E.M.Z.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:26-CV-0161-BR |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this action *pro* se for judicial review of a decision by the Commissioner of Social Security, who denied Plaintiff's application for disability insurance benefits under Title II[2] of the Social Security Act. (ECF 1 *and* ECF 7-1 at 16). On July 16, 2026, the undersigned[3] entered judgment affirming the Commissioner's decision. (ECF 13).

Now before the Court is Plaintiff's July 29, 2026 Motion to Alter or Amend Judgment, or Alternatively for Relief From Judgment, Request for Sentence-Six Remand, and Request for Leave to Supplement. (ECF 14). For the following reasons, Plaintiff's motion is DENIED.

---

[1] It is the undersigned's practice to identify the plaintiff using only the first and last initial in filings in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion. *See* U.S. Jud. Conf. Comm. on Ct. Admin. and Case Mgmt., Privacy Concern Regarding Social Security and Immigration Opinions, May 1, 2018 (memorandum).

[2] 42 U.S.C. §§ 401–33.

[3] Pursuant to the Northern District of Texas Special Order No. 30-350 (Sep. 11, 2023), this case was originally assigned to the undersigned United States Magistrate Judge to serve as presiding judge, with parties instructed to inform the Court if they intended to withhold consent to disposition by a magistrate judge. (*See* ECF 2). Neither party did so.

## I. PROCEDURAL BACKGROUND

Plaintiff challenged the Commissioner's decision on multiple grounds; specifically, that the Administrative Law Judge (the "ALJ") erred by failing to obtain records from a medical provider, "Silver Chiropractic" (ECF 9 at 12–13), by improperly evaluating Plaintiff's self-employment earnings (*id.* at 6–8), by not fully crediting his symptoms when determining his residual functional capacity (*id.* at 8–12), by finding that Plaintiff could perform past relevant work (*id.* at 4–6), and, as a result of the other alleged errors, by incorrectly applying the Medical-Vocational Guidelines (*id.* at 13).

Additionally, though he originally sought only a "sentence four" remand[4] to the Social Security Administration (the "Agency") (ECF 9 at 13–14), Plaintiff added a request for "sentence six" remand in his reply brief (ECF 11 at 6–7), moving the Court to order the Agency to consider evidence previously omitted from his records. Because a month had passed without the Commissioner seeking leave to respond to the newly requested relief, and because the request failed on its merits, the Court exercised its discretion to consider the request. (*See* ECF 12 at 12–13).

The Court issued both a Memorandum Opinion (ECF 12) and Judgment (ECF 13) in the Commissioner's favor on July 16, 2026. Thirteen days later, on July 29, 2026, Plaintiff filed both the instant motion (ECF 14) and a notice of appeal to the Fifth Circuit Court of Appeals (ECF 15). The Commissioner responded to the instant motion on August 12, 2026 (ECF 16), and Plaintiff

[4] As the Supreme Court has explained, two different sentences in 42 U.S.C. § 405(g) establish two different kinds of remand from the district courts back to the Agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 97–98 (1991). The fourth sentence of the provision authorizes "a judgment affirming, modifying, or reversing the decision of the Commissioner[ ], with or without remanding the cause for a rehearing." 42 U.S. § 405(g). The sixth sentence, by contrast, authorizes, in limited circumstances, remand for the Agency to incorporate new evidence into the record, after which the case returns to the district court. *Id.*; *see Melkonyan*, 501 U.S. at 98

has not filed a reply in support of the motion. *See* N.D. TEX. CIV. R. 7.1(f) (allowing a reply brief within fourteen days after a response).

## II. APPLICABLE LAW

The law controlling the original disposition of this case was detailed in the Court's Memorandum Opinion and need not be repeated here. (*See* ECF 12 at 5–11). Plaintiff's motion invokes Rules 59(e), 60(b)(2), 60(b)(6), and 62.1(a)(3) of the Federal Rules of Civil Procedure. (ECF 14 at 1, 6).

Rule 59(e) permits motions to alter or amend judgment within twenty-eight days after the judgment was entered. FED. R. CIV. P. 59(e). Judicial precedent in the Fifth Circuit allows a Rule 59(e) motion to be granted only to correct "manifest errors of law or fact" or to address newly discovered evidence or intervening changes in the controlling law. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396 (5th Cir. 2021) (citing *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) and *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003)). Such motions will not be granted on grounds that could, and should, have been raised earlier, nor to correct mistakes by the parties that were within their reasonable control. *Id.* at 396–97.

Rule 60(b) permits courts to grant relief "on motion and just terms . . . from a final judgment, order, or proceeding" for five enumerated reasons or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)–(6). The rule applies to the covered conduct (i.e., the mistake, excusable neglect, etc.) of any party or the Court, if the conduct constitutes grounds to grant relief on just terms. *See Kemp v. United States*, 596 U.S. 528, 534–35 (2022). Subsection 60(b)(2) permits relief on account of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" for a Rule 59 motion. FED. R. CIV. P. 60(b)(2) (referring to Rule

59(b) motions for new trial, which are not applicable in this proceeding for review of an administrative record). Subsection 60(b)(6) is the "any other reason" provision. *Id.* at 60(b)(6).

The Fifth Circuit has clarified that the standard under Rule 60(b) is an equitable one, but is "not wholly open-ended." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor*, 769 F.2d at 287.

Courts in the Fifth Circuit evaluate Rule 60(b) motions using a list of principles ultimately drawn from the landmark legal treatise, Moore's Federal Practice and Procedure:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355–56 (5th Cir. 1962); *see also Ruiz v. Lumpkin*, 653 F. Supp. 3d 331, 337 (N.D. Tex. 2023) (Godbey, C.J.) (collecting cases).

Motions to reconsider under Rule 59 and Rule 60 that invoke newly discovered evidence "should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence, and (3) the facts are not merely cumulative or impeaching." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) (regarding a Rule 59(e) motion); *accord Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 639–40 (5th Cir. 2005) (regarding Rule 60(b)(2) motions).

Finally, Rule 62.1 pertains to motions that a court cannot grant because a pending appeal has divested the court of jurisdiction. While a case is on appeal, lower courts lack jurisdiction to take any action that would alter the status of the case as it rests before the Court of Appeals. *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 532–33 (5th Cir. 2024). When a party moves the lower court to take such a disallowed action, Rule 62.1 permits three courses of action; the trial court may defer considering the motion until the appeal is resolved, deny the motion, or issue an indicative ruling stating either that the motion raises a substantial issue or else that the lower court would grant the motion if it could. FED. R. CIV. P. 62.1(a)(1)–(3).

The Federal Rules of Appellate Procedure, however, list six motions that, if timely filed, suspend a pending appeal until the trial court has disposed of them. FED. R. APP. P. 4(a)(4)(B)(i). One of these is a Rule 59 motion to alter or amend the judgment, and another is a Rule 60 motion if it is filed within the twenty-eight days allowed for Rule 59 motions. *Id.* at 4(a)(4)(A)(iv), (vi). Once the lower court has disposed of all such motions, a previously-filed notice of appeal becomes effective, and any party seeking to challenge the court's newer rulings must file a new or an amended notice of appeal within the following thirty days. *Id.* at 4(a)(4)(B)(i)–(ii), 4(a)(1)(A).

## III. ANALYSIS

Plaintiff clarifies that his "motion is intended to call the correctness of the judgment into question and to present newly discovered evidence." (ECF 14 at 1–2). To show a manifest error of law in the Court's Memorandum Opinion, he again argues that the ALJ (1) applied the incorrect standard when evaluating Plaintiff's self-employment, (2) erred in finding that a certain Dictionary of Occupational Titles definition adequately described Plaintiff's past relevant work, and (3) erred in finding that Plaintiff could perform such past relevant work. (*Id.* at 3–5).

The Commissioner responds that these "arguments are simply a rehashing of previous arguments made to this Court and rejected by this Court." (ECF 16 at 4–5). The Court agrees, and

Plaintiff has accordingly not shown a manifest error of law that would support a Rule 59(e) reconsideration of the Court's Judgment.

Plaintiff also argues that newly discovered evidence supports his motion for reconsideration. Specifically, Plaintiff describes imaging of his lumbar spine and right leg completed on April 10, 2026, an examination of his spine completed on June 9, 2026, and a surgery on his left leg and hip scheduled for August 6, 2026. (ECF 14 at 2–3). He further alleges that new conversations with "Silver Chiropractic," the medical provider associated with his original argument that the ALJ failed to adequately develop the record, indicate that the provider never received a request for records from the Agency. (*Id.* at 3).

The Commissioner points out that Plaintiff has not submitted the records he describes to the Court. (ECF 16 at 2). Instead, he has submitted only his own unsworn declaration[5] that the conversation with Silver Chiropractic occurred as he describes it,[6] that he is scheduled for the surgery on his left leg and hip, and stating, "I have submitted or am submitting the medical documents identified in the motion and will provide additional records promptly as they become available." (ECF 14 at 7).

With respect to the surgery on his left leg and the documentation of Silver Chiropractic's contact from the Agency, Plaintiff clarifies in his motion that the records did not exist at the time of filing, and he "request[ed] leave to supplement [his] motion immediately upon receipt of [Silver Chiropractic's] signed letter, request logs or transmission information if available, and complete medical records." (ECF 14 at 3). Because Plaintiff declined to file a reply brief (or a request for an

---

[5] *See* 28 U.S.C. § 1746.

[6] The Commissioner further challenges Plaintiff's declaration regarding Silver Chiropractic as "inadmissible hearsay." (ECF 16 at 3). To the extent Plaintiff's declaration may be offered as evidence that Silver Chiropractic in fact was never contacted by the Agency, the Commissioner is correct, and the declaration is hearsay. FED. R. EVID. 801(c)(2). To the extent the declaration is offered solely as evidence that the conversation occurred as described, it is not hearsay.

extension of time to file) within the time allotted by the local rules, the Court presumes that he still does not possess the evidence he seeks to submit.

Ultimately, Plaintiff has not presented any newly discovered evidence sufficient to support a Rule 59 or Rule 60 motion. He has sworn under penalty of perjury that it exists, but he has not presented it to the Court, and so the Court cannot even begin to evaluate whether it would have changed the outcome in this case.[7]

More generally, however, Plaintiff has not shown that the evidence in question could not, with proper diligence, have been discovered and submitted earlier. The medical records from April 2026 should have been created before the Plaintiff had even submitted his initial brief in this lawsuit on May 11, 2026, and if either they or the examination of his spine on June 9 were mentioned in his June 15, 2026 reply brief, it was only in the following general statements:

> Plaintiff further states that after obtaining medical insurance, including Medicare coverage, he has been able to obtain medical care, testing, and treatment that he previously could not access. Plaintiff believes those additional medical records will support his [claims . . . and] requests an opportunity to obtain and submit those records[.]

(ECF 11 at 7).

Plaintiff has had ample opportunity to obtain and submit medical records to the Court. Plaintiff continuing to request an opportunity, without ever actually submitting any records or explaining why he could not submit them, does not constitute due diligence. Because the Plaintiff

[7] The Commissioner argues that, because the evidence in question was created long after the ALJ's August 27, 2025 decision, it could not have changed the outcome in this case, no matter what it showed. (ECF 16 at 2–3). On the contrary; as the Court noted in its Memorandum Opinion, Plaintiff is eligible for Social Security coverage at least through December 31, 2028. (ECF 12 at 11) (citing ECF 7-1 at 16). Because Plaintiff has requested sentence six remand for the ALJ to consider new evidence, evidence created after the date of the ALJ's decision is not *per se* irrelevant. Had the Plaintiff submitted the evidence to the Court for review, the Court would have reviewed it to determine whether it supported sentence six remand.

has not presented newly discovered evidence that could not have been submitted earlier and that would probably have changed the outcome in this case, his motion must be denied.

## IV. CONCLUSION

In summary, Plaintiff has not shown any manifest error of law or fact, any newly discovered evidence, any intervening change in the law, or any other reason why the Court's judgment should be altered, amended, or reconsidered. Accordingly, his motion (ECF 14) is DENIED. As a *pro se* litigant, Plaintiff is reminded that, if he wishes this Order to be included in the scope of his appeal to the Fifth Circuit, he must file an amended notice of appeal within thirty days after the date below; *i.e.*, **on or before October 2, 2026**.

IT IS SO ORDERED.

ENTERED September 2, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE